04-1787-CBS

### AFFIDAVIT OF SHEILA M. O'HARA

I, Sheila M. O'Hara, being duly sworn, do state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I have been an ATF Special Agent for over 16 years, and during that time I have been involved in numerous investigations of violations of federal firearms laws. I am currently assigned to a group in the Boston Field Division of ATF that, in part, works with other federal, state and local police departments in and around the metropolitan Boston area to investigate and prosecute violations of federal firearms, explosives and controlled substance laws.

2. Based on my training and experience as an ATF Special Agent, I am familiar with federal firearms laws and know that it is a violation of Title 18, United States Code, Section 922(g)(1), to be a felon in possession of a firearm and/or ammunition. I further know that it is a violation of Title 18, United States Code, Section 924(c), to use or carry a firearm during or in relation to, or to possess a firearm in furtherance of, a drug trafficking crime. I further know that it is a violation of Title 21, United States Code, Section 841(a)(1), to possess a controlled substance with intent to distribute it.

3. The facts stated herein are based upon my personal involvement in this investigation and my discussions with other law enforcement officers involved with this investigation. In

submitting this affidavit, however, I have not included each and every fact known to me about the investigation, but only those facts that I believe are sufficient to establish the requisite probable cause.

4. On Saturday, February 28, 2004, detectives from the New Bedford Police Department ("NBPD") Organized Crime and Intelligence Bureau ("OCIB") executed a state search warrant at 663 Kempton Street, 3rd floor, New Bedford, MA. The information for the search warrant was based on Confidential Informant ("CI") information. In substance and among other things, the CI admitted that CI is a user of cocaine and is familiar with the methods to package and prepare this controlled substance for street level sales. The CI stated that he/she had purchased cocaine from a male whom he/she knew as Cory HUBBARD. The CI described HUBBARD as a black male, approximately 25 years old, 6 feet tall, weighing approximately 210 pounds, with black braided hair. The CI stated that, in order to purchase cocaine from Cory HUBBARD, the CI would call HUBBARD at (774) 930-0286 and request a specific amount of cocaine. HUBBARD would then instruct the CI as to where to meet. The CI stated that the CI would, upon meeting, give HUBBARD a specific amount of money in exchange for a specific amount of cocaine. The CI advised that HUBBARD

2

usually operated a white Buick Rivera or a green Volkswagen Passat station wagon.

5. Detective John Ribeiro, NBPD OCIB, began an investigation regarding the above CI information. Detective Ribeiro obtained a photograph of Cory HUBBARD, DOB 04/28/78, SSN 025 58 7831, and showed it to the CI. The CI identified the photograph as the individual the CI knows as Cory HUBBARD and from whom the CI had purchased cocaine.

6. During the week of January 18, 2004, Detective Ribeiro and other members of the NBPD began conducting surveillance of Cory HUBBARD. During periods of surveillance, detectives observed HUBBARD operating two different vehicles: a white Buick Rivera and a green Volkswagen Passat station wagon. HUBBARD was followed on several occasions as he stopped at various locations, usually waiting at crowded business establishments where it would not be uncommon to see people gathered. HUBBARD was seen meeting with a person or persons at such locations. Most of the meetings were very brief. Such actions are consistent with efforts to prevent raising suspicion of curious neighbors or police in the area and consistent with the operation of a drug delivery service.

7. On a date prior to February 28, 2004, the CI made a controlled purchased of cocaine from HUBBARD. Detectives

3

observed HUBBARD leave his residence, 663 Kempton Street, New Bedford, MA on this occasion and travel to a location where HUBBARD met with the CI. Detectives observed a transaction take place between HUBBARD and the CI. Detectives followed HUBBARD back to his residence, 663 Kempton Street, New Bedford, MA. Detectives also recovered a substance from the CI which field-tested positive for cocaine.

8. On Saturday, February 28, 2004, OCIB detectives executed the state search warrant at HUBBARD's apartment, 663 Kempton Street, 3rd floor, New Bedford, MA. Detectives seized as evidence one bag of suspected powder cocaine weighing approximately 21.54 grams, which has since tested positive for the presence of cocaine, three bags of suspected crack cocaine weighing approximately 8.99 grams, which has since tested positive for cocaine base, and two digital scales, all located in a small opening over a kitchen cabinet; nine bags of suspected powder cocaine weighing approximately 6.98 grams, which has since tested positive for the presence of cocaine, located under the sofa cushions in the living room; five bags of suspected crack cocaine weighing approximately 14.53 grams, which has since tested positive for the presence of cocaine base, located in the drop-ceiling tiles in the bathroom; 17 bags of suspected marijuana weighing approximately 1 pound, which has since tested

positive for marijuana, located in a kitchen cabinet; a Glock, model 23, .40 caliber semi-automatic pistol, serial number BNM315US, loaded with eight rounds of ammunition, located in a sneaker box located along the west wall in the bedroom; and $10,552 in U.S. currency, two police scanners, an apparent drug ledger, and a can of Acetone, also located in the bedroom. Detectives also seized a quantity of paperwork, identification and bills with HUBBARD's name and the 663 Kempton Street apartment address.

9.   I have spoken with Detective Ribeiro regarding the configuration of HUBBARD's apartment.  Detective Ribeiro told me, in substance, that it is a three-bedroom apartment. As configured at the time of the search, one of the rooms was set up for use as an actual bedroom, another bedroom had a sofa in it, and the remaining bedroom contained a dining room table.  References to "bedroom" in paragraph 8 are to the room actually set up as a bedroom.  Detective Ribeiro further told me that the paperwork found in the apartment all had HUBBARD's name on it and that the NBPD observed only men's clothing in the apartment.  Detective Ribeiro told me that all indications were that HUBBARD lived in the apartment by himself and that there were no indications that anyone else lived there with HUBBARD.

5

10. ATF Special Agent Angelo Thurman, interstate nexus expert, has reviewed reports describing the firearm and ammunition seized by NBPD and has told me that neither the firearm nor the ammunition were manufactured in the Commonwealth of Massachusetts and therefore each of said items traveled in interstate commerce prior to February 28, 2004.

11. I have reviewed the computer printout from the Massachusetts Criminal History Board for HUBBARD, which reflects felony convictions prior to February 28, 2004 for crimes I know to be punishable by a term of imprisonment exceeding one year within the meaning of Title 18, United States Code, Section 921(a)(20). Specifically, HUBBARD was convicted, among other things, on September 21, 1998, of Possession with Intent to Distribute a Class A Substance (heroin) and a Class B Substance (cocaine); Possession of a Class A Controlled Substance (heroin) With Intent to Distribute in a School Zone; Possession with Intent to Distribute a Class D Substance (marijuana); and Conspiracy to Violate the Controlled Substance Act, all under docket numbers 9733CR6817A-G, in New Bedford District Court, and received, among other sentences, a two-year, committed sentence.

12. Based on the above, I believe there is probable cause to conclude that on or about February 28, 2004, in New Bedford, Massachusetts, Cory HUBBARD, previously convicted in a court of a

crime punishable for a term exceeding one year, did unlawfully possess a firearm and ammunition which had traveled in interstate commerce in violation of Title 18 United States Code, Section 922(g)(1); did possess said firearm in furtherance of a drug trafficking crime in violation of Title 18 United States Code, Section 924(c); and did possess various controlled substances, to wit, cocaine, cocaine base, and marijuana, all with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1).

_____
Sheila M. O'Hara
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn to before me this 22nd day of June, 2004.

_____
CHARLES B. SWARTWOOD, III
UNITED STATES MAGISTRATE JUDGE