UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL NO.: 04 CR 10235 MLW |
| v. ) | |
| ) | VIOLATIONS: |
| CORY HUBBARD ) | |
| ) | 18 U.S.C. §922(g)(1) - |
| ) | Felon In Possession Of |
| ) | Firearm and Ammunition; |
| ) | 21 U.S.C. §841(a)(1) - |
| ) | Possession With Intent To |
| ) | Distribute Controlled |
| ) | Substances; |
| ) | 18 U.S.C. §924(c)(1)(A) - |
| ) | Possession of a Firearm |
| ) | In Furtherance Of A Drug |
| ) | Trafficking Crime |
| ) | Criminal Forfeiture |

INDICTMENT

COUNT ONE:   (Title 18, United States Code § 922(g)(1) - Felon In Possession Of A Firearm And Ammunition)

The Grand Jury charges that:

On or about February 28, 2004, at New Bedford, in the District of Massachusetts,

CORY HUBBARD,

defendant herein, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number BNM315US, and various rounds of ammunition, in and affecting commerce.

All in violation of Title 18, United States Code, Section 922(g)(1).

COUNT TWO:     (Title 21, United States Code, §841(a)(1) - Possession With Intent To Distribute Controlled Substances)

The Grand Jury further charges that:

On or about February 28, 2004, at New Bedford, in the District of Massachusetts,

**CORY HUBBARD**,

defendant herein, knowingly and intentionally possessed with intent to distribute more than five grams of cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

<u>**COUNT THREE**</u>:      **(Title 21, United States Code, §841(a)(1) - Possession With Intent To Distribute Controlled Substances)**

The Grand Jury further charges that:

On or about February 28, 2004, at New Bedford, in the District of Massachusetts,

**CORY HUBBARD**,

defendant herein, knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT FOUR</u>:       **(Title 21, United States Code, §841(a)(1) - Possession With Intent To Distribute Controlled Substances)**

The Grand Jury further charges that:

On or about February 28, 2004, at New Bedford, in the District of Massachusetts,

**CORY HUBBARD,**

defendant herein, knowingly and intentionally possessed with intent to distribute marijuana, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1).

<u>COUNT FIVE</u>:   (Title 18, United States Code, §924(c)(1)(A)-
          Possession Of A Firearm In Furtherance Of A Drug
          Trafficking Crime)

The Grand Jury further charges that:

On or about February 28, 2004, at New Bedford, in the District of Massachusetts,

**CORY HUBBARD**,

defendant herein, knowingly and intentionally possessed in furtherance of the drug trafficking crimes charged in Count Two, Count Three, and Count Four, a firearm, to wit: a Glock, model 23, .40 caliber semi-automatic pistol, bearing serial number BNM315US.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATIONS
## (21 U.S.C. § 853)

The Grand Jury further charges that:

1. As a result of the offenses charged in Counts Two through Four of this Indictment,

### CORY HUBBARD

defendant herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in paragraph 1, above, as a result of any act or omission of the defendant --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Tile 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the property described in paragraph 1.

All in violation of Title 21, United States Code, Section 853.

## Supplemental Factual Allegations

The Grand Jury further finds that:

1. The offense charged in Count One involved a stolen firearm. Accordingly, U.S.S.G. §2K2.1(b)(4) applies to this case.

2. The offense charged in Count Two involved at least 20 grams but less than 35 grams of cocaine base. Accordingly, U.S.S.G. §2D1.1(c)(6) applies to this case.

3. The offense charged in Count Three involved at least 25 grams but less than 50 grams of cocaine. Accordingly, U.S.S.G. §2D1.1(c)(13) applies to this case.

4. The offense charged in Count Four involved at least 250 grams but less than one kilogram of marijuana. Accordingly, U.S.S.G. §2D1.1(16) applies to this case.

5. Defendant Cory Hubbard was a career offender, as described in U.S.S.G. §4B1.1, at the time that the offenses charged in this Indictment were committed.

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY


_____
ROBERT E. RICHARDSON
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS;    8-11    , 2004

Returned into the District Court by Grand Jurors and filed.

_____
DEPUTY CLERK