UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA }
}
V. }                                    CRIMINAL ACTION
}                                    NO. 04-10235-MLW
CORY HUBBARD }
DEFENDANT }

## MEMORANDUM IN SUPPORT OF
## MOTION FOR REVOCATION OF DETENTION ORDER

    The Defendant, Cory Hubbard, has moved this Court for revocation of the detention order entered in the above-captioned matter by the United States Magistrate pursuant to 18 U.S.C. Section 3145(b). The magistrate, after a hearing, ordered Mr. Hubbard detained pending trial. The magistrate was not made aware of any condition or combination of conditions that would assure the appearance of the Defendant and the safety of the community, which would rebut the presumption as set forth in 18 U.S.C. 3142(e). The Defendant now seeks a review of this detention decision and respectfully requests a hearing on the instant motion.

    In making a determination of detention, a judicial officer must bear in mind that "passage of the pre-trial detention provision of the 1984 act did not…signal a Congressional intent to incarcerate wholesale the category of accused persons awaiting trial". United States v. Orta, 760 F.2d 887(8th Cir.1985). Rather, Congress was demonstrating its concern about "a small, but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons." Id. at 890 (quoting S.Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in 1984 U.S. Code Cong. & Ad. News at 3189); United States v. Westbrook, 780 F.2d 1185 (5th Cir. 1986).

    In fact, Congress enacted the preventive detention provisions of the Bail Reform Act out of deep concern about the growing problems of crime committed by persons on release. See: United States v. Rodriguez, 794 F.2d 24 (2nd Cir. 1986). The group, however, was conceded by Congress to be a "small identifiable group of particularly dangerous defendants" and not every person charged with an offense against the United States. S.Rep. No. 225, supra.

If Congress had intended to authorize pre-trial detention in all narcotics cases, it could easily have done so. United States v. Himler, 797 F.2d 156.

In order to rebut the presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985). Mr. Hubbard was arrested on February 28, 2004 and arraigned in the Third District Court, Bristol County, on a criminal complaint charging him with various narcotic and firearm offenses. Mr. Hubbard was released on $15,000 cash bail; which was posted. In all, Mr. Hubbard was released for approximately four months prior to being detained in this case. In this period of time, Mr. Hubbard abided by all the terms and conditions of his release.

Despite having a prior criminal record, Mr. Hubbard was not on probation or parole or released pending trial, sentencing or appeal. See: 18 U.S.C. §3142(g). A close look at Mr. Hubbard's criminal record indicates convictions for narcotic offenses; however, there are no convictions for any firearm offense.

In United States v. Perez-Franco, 839 F.2d 867 (1st Cir.1988), the Court pointed out that Congress had found that persons charged with major drug offenses have the foreign ties and resources necessary to escape with ease to other countries. The Court, likewise, explained that flight to avoid prosecution is particularly high among persons charged with serious narcotic offenses". See also, United States v. Palmer-Contreras, 835 F.2d 15 (1st Cir. 1987). Those concerns are totally lacking here. No evidence was presented to demonstrate any foreign ties or resources available to Mr. Hubbard. In fact, an accused, such as Mr. Hubbard; who was interested in avoiding prosecution or his obligations to appear in court proceedings, would not have subjected himself to prosecution once bail was posted at the Third District Court. As is set forth in the Memorandum of Probable Cause and Order On The Government's Motion For Detention, dated July 19, 2004, it was not found by a preponderance of the evidence that Mr. Hubbard posed a risk of flight.

Mr. Hubbard would agree to the following specified conditions: a) releasing him to person(s) who would be willing to serve as third-party custodians for him (See: Exhibit "A" attached hereto); b) submitting to random searches; and c) being placed on electronic monitoring and restricted to home confinement. Also, property located at 856 Allen Street, North Dartmouth, Massachusetts, owned by Audrey Fernandes, Paul Alfred Fernandes and Paula Marie Fernandes as joint tenants can be posted as security for Mr. Hubbard's appearance bond. These conditions will provide the court with sufficient basis to conclude that the safety of the community will not be endangered by his release.

The combination of conditions set forth above, coupled with the authority of 18 U.S.C. 3147, which authorizes the imposition of a ten year consecutive sentence for offenses committed while on release, more than adequately addresses the Court's concern regarding the release of the Defendant.

Respectfully Submitted,<br>
Cory Hubbard,<br>
By his attorney,<br>
<br>
_____<br>
Frank D. Camera, Esq.<br>
B.B.O. #635930<br>
56 N. Main Street #321<br>
Fall River, MA 02720<br>
508-677-2878

January 6, 2005

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | CRIMINAL ACTION NO. 04-10235-MLW |
| CORY HUBBARD<br>DEFENDANT | |

## AFFIDAVIT

I, Paula M. Fernandes, do hereby state the following under the pains and penalties of perjury:

1. I currently reside at 462B Maxfield Street, New Bedford, Massachusetts.
2. I am a lifelong resident of Massachusetts and of the New Bedford area.
3. I am currently attending New England Dental Assistant School located in Taunton, Massachusetts.
4. I am due to graduate in January 2005 with a certificate as a dental assistant.
5. I am the mother of two children, both of whom live with me.
6. I have known the above-named Defendant for a number of years, and he is the father of my four month old son.
7. I agree to serve as a third party custodian of the Defendant and will abide by any court orders and conditions imposed upon me.

Dated: January 6, 2005

Paula M. Fernandes

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have caused a copy of this Motion and attached Memorandum to be mailed, postage prepaid, to the United States Attorney's Office, Assistant United States Attorney Robert E. Richardson, United States District Court, U.S. Courthouse, Suite 9200, One Courthouse Way, Boston, MA 02210 on this 6th day of January, 2005.

Frank D. Camera, Esq.