UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | |
| V. | } | CRIMINAL ACTION |
| | } | NO. 04-10235-MLW |
| CORY HUBBARD | } | |
| DEFENDANT | } | |

## DEFENDANT'S CORY HUBBARD'S MOTION FOR DISCOVERY AND IN THE ALTERNATIVE MOTION FOR FRANKS HEARING

Now comes the defendant, Cory Hubbard, in the above-captioned matter, and hereby moves this Court to order the Government to produce the following discovery pursuant to L.R. 116.2(B)(1)(b):

1. Photograph(s) allegedly provided by the Massachusetts Registry of Motor Vehicles to the New Bedford Police Department and shown to the confidential informant (C.I.) during the week of January 18, 2004 as set forth in the Affidavit In Support of Search Warrant (04 SW 36);

2. All documents from the New Bedford Police Department relating to the alleged controlled buy that occurred between the C.I. and the Defendant, including the records of serial numbers of currency used and the drug certificate of analysis that was furnished to Detective John Ribeiro subsequent to the controlled buy occurring;

3. All promises, rewards, and inducements made to the confidential informant in connection with him/her providing information to law enforcement relating to this matter;

4. The attendance records of Detectives John Ribeiro, John Encarnacao, and Andrew

Simmons of the New Bedford Police Department from January 11, 2004 through February 28, 2004.

  Rule 116.2(B(1)(b) of the Local Rules of the United States District Court for the District of Massachusetts requires that the government produce to the Defendant within twenty-eight days of arraignment all information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case in chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C. §3731.

  In the case at bar, a search warrant was applied for by Officer John R. Ribeiro of the New Bedford Police Department (04 SW 36). In his affidavit, the officer states he spoke with a first time confidential informant during the week of January 11, 2004. This C.I. gave information relating to a male operating a cocaine delivery service in the city of New Bedford, Massachusetts. The C.I. Told Officer Ribeiro that the "target" operated a white Buick Rivera or a green Volkswagen Passat Wagon. During the week of January 18, 2004 up to February 26, 2004, Officers Ribeiro and Encarnacao allegedly conducted surveillance of the target, Cory Hubbard. The affidavit states that the affiant and Detective Encarnacao "[o]bserved the target, Cory operating two different vehicles, (1) white Buick Rivera and (2) green Volkswagen Passat Station Wagon bearing MA registration #15VP11." (p.2 of 5 of Affidavit). Nowhere in the Affidavit does it make mention of the registration number of the Buick Rivera allegedly driven by "Cory" or that any of the officers conducted a Registry of Motor Vehicle search to discover information on the plate attached to the Volkswagen. Upon investigation of the status of the registration of plate number 15VP11 through documentation provided by the

Massachusetts Registry of Motor Vehicles, it appears the Volkswagen Passat Wagon was registered to another individual as of February 13, 2004.[1]  Therefore, the affidavit is misleading, thus causing the issuing magistrate to rely upon misleading facts.  <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

Unless the government is ordered to produce this information being requested in the within motion, Mr. Hubbard will be forced to defend against the issuance of this warrant based only upon the "four corners" when there exists questions as to the accuracy of the information set forth in the affidavit.  The Defendant contends that in the interest of justice, and that the requested information will bear upon the admissibility of evidence that the government anticipates offering in its case-in chief, the Government should therefore be required to provide this court-ordered information.  Declining to produce this information will unnecessarily complicate and impede his ability to effectively and efficiently move to suppress this evidence.  See: Rule 116.2(B)(1)(b) of the Local Rules of the United States District Court for the District of Massachusetts.

Respectfully submitted,
Cory Hubbard,
By his attorney,


/s/ Frank D. Camera_____
Frank D. Camera, Esq.
B.B.O. #635930
56 N. Main Street #321
Fall River, MA 02720
508-677-2878
508-677-2876 fax

April 29, 2005

---

[1] Registry of Motor Vehicle Documentation is being sent to the United States District Court for the District of Massachusetts and Assistant United States Attorney Robert Richardson via United States Mail, postage pre-paid.

AFFIDAVIT IN SUPPORT OF MOTION

I, Frank Camera, hereby state the following to the best of my ability upon information I believe to be true and accurate:

1. I am the attorney for Cory Hubbard.

2. Upon reviewing the affidavit in support of the issuance of the search warrant in this case, a Volkswagen Passat Wagon was the subject of surveillance by officers of the New Bedford Police Department prior to the issuance of the warrant.

3. I received documents that are from the Registry of Motor Vehicles that would seem to indicate that the Volkswagen Passat was registered to a Delbert Green as of February 13, 2004.

4. This information appears to be in direct contravention of the information provided in the affidavit, since the officer stated that he had seen the Defendant driving this vehicle from January 18, 2004 through February 26, 2004.

5. This documentation is being sent by United States Mail to all parties.

6. It is my reasonable belief that the information contained in the Affidavit in Support of Search Warrant 04 SW 36 is devoid of specifics that would form the basis for a probable cause determination.

7. The government clearly has the means at its disposal to provide this requested discovery in order for the Defendant to have a fair opportunity to defend against the issuance of this warrant and for justice to be served.

Signed based upon information that I believe is true and accurate on this 29th day of April 2005.

/s/ Frank D. Camera_____
Frank D. Camera

## CERTIFICATION

Counsel for Cory Hubbard certifies, pursuant to L.R. 116.3(f), that he conferred with Assistant United States Attorney Robert Richardson and that the parties made a good faith attempt to eliminate or narrow the issues.

## CERTIFICATE OF SERVICE

I, frank Camera, counsel for Cory Hubbard, hereby certify that on the 29th of April 2005, a true copy of the above document was served upon Assistant United States Attorney Robert Richardson by ECF/mailing.

/s/ Frank Camera_____
Frank D. Camera, Esq.