UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
        v.               )        CRIMINAL NO. 04-10235-MLW
                         )
CORY HUBBARD             )

INITIAL OPPOSITION TO DISCOVERY MOTION

The government respectfully submits its initial response to the defendant's Motion for Discovery. In said motion, the defendant seeks discovery of information that, he contends, will assist him in challenging a search warrant.

The Supreme Court has recognized that there is a presumption of validity with respect to an affidavit supporting a search warrant. Franks v. Delaware, 438 U.S. 154, 171 (1978). The Court further stated that, in order to show entitlement to an evidentiary hearing as to whether a warrant affidavit contains deliberately or recklessly false statements,

> the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set

> to one side, there remains sufficient content
> in the warrant affidavit to support a finding
> of probable cause, no hearing is required.

438 U.S. at 171-72.

Implicit in the Court's treatment of the issue is the notion that a criminal defendant is not entitled automatically to discovery regarding matters contained in search warrant affidavits; otherwise, the fishing expedition that the Supreme Court foreclosed at the hearing stage would simply be pushed back to the discovery stage, and the presumption of validity of search warrants would have little force.  See also United States v. Higgins, 995 F.2d 1 & 4 n. 5 (1st Cir. 1993).[1]

Here, in his motion, the only demonstration the defendant made of false or misleading information was, as the government

---

[1]Higgins, while recognizing that some defendants who cannot make the full-fledged showing necessary to obtain a Franks hearing may be able to get discovery in aid of such a showing, plainly requires a defendant not simply to allege that an affidavit contains false statements but to make some affirmative showing that such false statements exist and that discovery will aid the defendant in showing that they exist.  Indeed, the Higgins court explicitly observed that, not only did the defendant's offers of proof in that case fail to identify any materially false statements in the search warrant affidavit, but the defendant also failed to provide sworn statements of witnesses, or explain the absence of such, as required by Franks. Higgins, 995 F.2d at 4 n. 5.  Thus, while Higgins recognizes that a defendant may not be in a position to make the full-fledged showing that Franks requires in order to trigger an entitlement to a hearing, a defendant must still provide sworn statements or their equivalent that identify the affidavit statements that a defendant believes are false and an explanation of why certain discovery would assist the defendant in showing that they are false.

indicated in its recently-filed Motion to Enlarge Time and Motion to Continue Hearing ("Government Motion"), the allegation that the search warrant affidavit contained information that the defendant was driving a green Passat vehicle bearing Massachusetts registration 15VP11 on some of the occasions when officers surveilled him; that as of February 13, 2004 this car was registered to somebody other than the defendant; that the affidavit did not indicate whether the police had conducted a search of Registry of Motor Vehicles records to obtain information regarding the registration; and that this rendered the affidavit misleading. In fact, however, the affidavit did provide both the name and the date of birth of the individual to whom the Passat was registered under that number, and thus the affidavit was not misleading in the respect alleged by the defendant when he filed his motion.

As also indicated in the Government Motion, the defendant filed an affidavit earlier this week of the man to whom the Passat was registered. This affidavit contains allegations not contained in the additional motion. Based on preliminary investigation of the facts the government believes it will be in a position to contradict the allegations in the affidavit such that any preliminary showing of falsity will be undermined.[2]

---

[2]Moreover, even if such were not the case, the allegations in the affidavit should not assist the defendant in obtaining the discovery he seeks. The primary fact he presumably now claims is

Accordingly, the government opposes the defendant's motion for discovery while continuing to seek (1) additional time to respond more fully to the motion, and (2) to continue the hearing currently scheduled for May 19, 2005.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By: /s/ Robert E. Richardson
Robert E. Richardson
Assistant U.S. Attorney

---

false in the affidavit is the allegation that the defendant was seen driving the Passat within 72 hours of the search warrant application on February 26, 2004, since the man who claims he had purchased the Passat and claims to have been the owner of the Passat at that time further claims the defendant never drove it while he owned it.  The discovery the defendant seeks would not help him advance this factual claim.

<u>CERTIFICATE OF SERVICE</u>

Suffolk, ss.                                Boston, Massachusetts
                                            May 13, 2005

     I hereby certify that a true copy of the foregoing was
served by electronic filing upon counsel for the defendant, Frank
D. Camera, Esq., 56 N. Main Street, Suite 321, Fall River, MA
02720.

                              <u>/s/ Robert E. Richardson</u>
                              Robert E. Richardson
                              Assistant U.S. Attorney