UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | |
| V. | } | CRIMINAL ACTION |
| | } | NO. 04-10235-MLW |
| CORY HUBBARD | } | |
| DEFENDANT | } | |

## **DEFENDANT'S SUPPLEMENTAL MOTION FOR DISCOVERY AND INCORPORATED MEMORANDUM OF LAW**

### **INTRODUCTION**

On March 29, 2005, the defendant, through a letter pursuant to Local Rule 116.3(A) and 116.9(A), requested discovery from the government. Based on the government's response, the defendant filed a *Motion For Discovery And In The Alternative Franks Hearing* on April 29, 2005. On August 24, 2005, the defendant requested further discovery based upon further investigation of this case. On or about September 16, 2005, counsel for the defendant sent a copy of this letter to Asst. Attorney Robert Richardson via fax, since for unknown reasons, he had not received the letter. Based upon the government's response, defendant hereby files this motion. Further, this motion also expands upon Defendant's previously filed *Motion For Discovery And In The Alternative Franks Hearing*.

Defendant, Cory Hubbard, respectfully requests that this court order the government to provide him with the following information:

a) all information about whether any law enforcement agent providing

information in connection with the search warrant affidavit has been the subject of any internal investigation, disciplinary action or criminal investigation, any of which were for conduct involving false statements, perjury, obstruction of justice, receipt of gratuities or violation of rights of a criminal suspect or defendant.

      b) any information tending to cast doubt on or contradict the information set forth in the search warrant affidavit.  This request includes, but is not limited to, any information that casts doubt upon the reliability of the informant or of the information that he provided the police regarding the defendant.  Such information includes, but is not limited to, information regarding the informant's use of drugs or abuse of alcohol, any promises, rewards or inducements given to the informant in return for his/her information, and any information regarding the informant's criminal record, including any charges pending at the time the information was provided.[1]

      In this case, which resulted from the execution of a search warrant, the validity of the warrant is a key issue.  Pursuant to Local Rule 116.2(B)(1)(b), information that supports a suppression motion is subject to early disclosure as exculpatory evidence.  Accordingly, information that casts doubt on the validity of the warrant falls within the Local Rules definition of exculpatory evidence and should be disclosed.  Absent this information being sought, defendant will be unable to mount an effective <u>Franks</u> challenge to the warrant application.

---

[1] Defendant seeks other discovery as set forth in his Motion For Discovery, including: the photograph of the defendant provided by the Massachusetts Registry of Motor Vehicles that was shown to the C.I. during the week of January 18, 2004, the attendance records of Detectives John Ribeiro, John Encarnacao and Andrew Simmons of the New Bedford Police Department from January 11, 2005 through February 28, 2005, and all documents related to the alleged control buy that occurred between the C.I. and the defendant, including serial numbers of marked bills and the contraband produced from the informant to Detective John Ribeiro.  The government has declined to provide this information.

BACKGROUND

The defendant is charged in a multiple count indictment with various firearm and narcotic offenses. These charges are the result of a search of 663 Kempton Street, third floor apartment in New Bedford, pursuant to a search warrant issued by the New Bedford District Court. The search warrant was supported by the affidavit of John Ribeiro, a detective with the New Bedford Police Department. See attached Exhibit "1"[2]. The affidavit recited information allegedly obtained from a confidential informant ("C.I.") who wished to remain anonymous due to safety concerns. This was a first time C.I. According to the C.I., the defendant was selling cocaine in the city of New Bedford. The C.I. identified the defendant from a photograph. In addition, the C.I. allegedly participated in a one-time controlled buy with the defendant.

Detective Ribeiro's affidavit also referred to surveillance of the defendant by officers of the New Bedford Police Department. During this period of surveillance, the affidavit states that the defendant was seen operating two different vehicles, a white Buick Rivera and a green Passat Wagon bearing registration #15VP11. Nowhere in the affidavit does it mention the registration number of the Buick.

ANALYSIS

INFORMATION ON CONFIDENTIAL INFORMANT

A defendant may challenge the validity or sufficiency of a search warrant based upon its supporting affidavit. If the defendant successfully challenges the warrant by a motion to suppress, the exclusionary rule may bar the admission of evidence if discovered as a result of the warrant. See United States Brunette, 256 F.3rd 14, 19 (1st

---

[2] Attachments herein referenced will be sent via United States Mail.

Cir. 1995) (citing <u>Franks v. Delaware</u>, 438 U.S. at 171, 98 S. Ct. at 2685). The defendant may also attack a warrant based upon a showing that the affidavit contained material false statements or omissions and therefore failed to establish probable cause for the search. <u>United States v. Castillo</u>, 287 F.3d 21, 25 (1st cir. 2002). The First Circuit has addressed the circumstances under which a defendant may seek discovery in order to mount a Franks challenge. In <u>United States v. Higgins</u>, 995 F.2d 1, 3 (1st Cir. 1993), the First Circuit recognized "[w]hen the government obtains a search warrant based on information provided by a confidential informant, defendants often lack the information required to meet the exacting standards of <u>Frank</u>. Accordingly, courts are given discretion in defining the type and scope of discovery prior to a hearing. <u>Higgins</u> at 3-4. "[T]he trial judge should retain the discretion to determine what type of hearing is necessary, if any, to determine the veracity of the affiant in cases where the defendant has alleged that the affidavit contains false information, but has failed to make a substantial preliminary showing that the affiant has lied such as that which would require a Franks hearing." <u>Higgins</u>, 995 F.2d at 2, quoting <u>United States v. Giacalone</u>, 853 F.2d 470, 477-78 n. 1 (6th Cir. (1988)

Local Rule 116.2 (B)(1)(b) requires the government to provide information "that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief that could be subject to a motion to suppress or exclude which would, if allowed, be appealable under 18 U.S.C. section 3731." Clearly, evidence of the unreliability of the informant " would cast doubt on the admissibility" of that evidence, hence, supporting a <u>Franks</u> motion based upon omissions from the search warrant affidavit or because it would undercut a finding of good faith under <u>United States</u>

v. Leon, 468 U.S. 897 (1984).  See United States v. Vigeant, 176 F.3d 565 (1st Cir. 1999).  In Vigeant, the First Circuit reversed a district court's denial of a motion to suppress, finding that good faith could not be found where the affiant recklessly omitted material facts, including "[f]irst, and most important…the C.I.'s long criminal record, his numerous aliases, his recent plea agreement, and other indicia of his unreliability." Id. at 573 & n.9.  The Vigeant court held that even if evidence of corroboration was sufficient to warrant a finding of probable cause despite the unreliability of the C.I., "that does not justify withholding the information regarding unreliability in the first instance." Id. at 573 n.9.  In the absence of such discovery the defendant is seeking, a defendant could conceivably be made aware of the material at trial or at the time Jencks material is provided or even potentially after trial or most disturbing, never.

As set forth in Franks, 438 U.S. at 171-172, 98 S. ct. at 2685-86, "in order to gain an evidentiary hearing, a defendant must make a preliminary threshold showing that (1) the government has made omissions or misstatements 'with the intent to make, or in reckless disregard of whether they thereby made the affidavit misleading,' and (2) that such omitted facts or misstatements were material." See United States v. Hadfield, 918 F.2d 987, 992 (1st. Cir. 1990).  In the case at bar, the defendant contends that *arguendo* a threshold showing is necessary prior to discovery being ordered, he has done so.  Firstly, the owner of the Passat Wagon, during the time relevant to the issuance of the warrant, denies that the defendant used the vehicle during which time the affiant states he did; this, at the very least, casts serious doubt on the warrant application.  Secondly, the affidavit in support of the warrant states in relevant part:

> "During the week of January 18, 2004 and up to the present, this affiant

>and Detective Encarnacao conducted surveillance of Cory Hubbard. During periods of surveillance, this affiant and Detective Encarnacao observed the target, "Cory" operating two different vehicles, (1) White Buick Rivera and (2) green Volkswagen Passat station wagon bearing MA registration #15VP11."

It is clear from the RMV 1 Form (See attached Exhibit "2"), that regardless of who owned the vehicle, the license plate 15VP11 did not even become assigned to the Passat Wagon until February 13, 2004. Therefore, the allegation that from January 18, 2004 up to February 26, 2004 the defendant was seen driving this same car with this same license plate is factually false and materially misleading.

Further, the affiant describes in his affidavit the facts surrounding the controlled buy alleged to have occurred between the defendant and the C.I. The affidavit states, "This affiant then kept constant surveillance of CI-1 as it awaited the arrival of the target "Cory."" The affidavit goes on further and states, "This affiant observed the target exit from the front door of 663 Kempton Street and walk away from that address and enter the driver's side of MA registration #15VP11 of the green Volkswagen Passat station wagon." It is beyond the bounds of possibility that the affiant was able to simultaneously watch the C.I. and observe the target exit 663 Kempton Street and drive away. Once again, this information as stated in the affidavit is inconsistent and materially misleading.

It is anticipated the government will rely on Brady v. Maryland, 373 U.S. 83 (1963) and its progeny to challenge the requested information as pertaining to evidence that is to be admitted at trial. Despite this position by the government, a closer reading of Brady and Kyles v. Whitley, 514 U.S. 419 (1995) do not support this interpretation.

Accordingly, the evidence the defendant is seeking should be available at this stage of the proceeding.

### B. INFORMATION ON POLICE OFFICERS

As stated prior, since this case resulted in the execution of a search warrant, the validity of the warrant is a key issue. Under Local Rule 116.2(b)(1)(B), information that supports a suppression motion is subject to early disclosure as exculpatory evidence. Thus, information that casts doubt on the credibility of an officer who applied for a warrant falls within the local rules' definition of exculpatory evidence and should be disclosed. See Kyles v. Whitley, 514 U.S. 419 (1995) ("[T]he individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (federal prosecutor had authority to search for exculpatory evidence in Washington, D.C. Metropolitan Police Department's homicide and internal affairs file); United States v. Henthorn, 931 F.2d at 31 (government's failure to examine personnel files upon a defendant's request for production of exculpatory material was reversible error).

### CERTIFICATION UNDER LOCAL RULE 116.3(F)

Undersigned counsel, Frank D. Camera, certifies that he has conferred with

opposing counsel in a good faith attempt to eliminate or narrow the issues raised in this motion.

        Cory Hubbard,
        By his attorney,


        /s Frank D. Camera_____
        Frank D. Camera
        56 N. Main Street #321
        Fall River, MA 02720
        508-677-2878


## CERTIFICATE OF SERVICE

I, Frank D. Camera, hereby certify that a true copy of this document was served upon Assistant United States Attorney Robert Richardson, via electronic filing, on this 18th day of September 2005.

        /s/ Frank D. Camera_____
        Frank D. Camera