UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10235-MLW |
| | ) | |
| CORY HUBBARD | ) | |

GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, and Robert E. Richardson, Assistant United States
Attorney, requests that the Court, in addition to its usual
instructions in criminal cases, give the following instructions
to the jury.

The primary sources for the instructions are 3 L. Sand, *et
al.*, Modern Federal Jury Instructions (2000); 4 Devitt &
Blackmar, Federal Jury Practice and Instructions (1990)(with
supplements); and First Circuit Pattern Jury Instructions:
Criminal, Committee on Pattern Criminal Jury Instructions First
Circuit (West 1998).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

## DUTIES OF THE JURY

Ladies and gentlemen: You are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These instructions will control your deliberations. It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

Adapted from: Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE

This criminal case has been brought by the United States government.  I will sometimes refer to the government as the prosecution.  The government is represented at this trial by Assistant United States Attorney Robert Richardson.  The defendant, Cory Hubbard, is represented by Frank Camera.

The defendant has been charged by the government with violations of federal law.  He is charged in Count One of the Indictment with being a felon in possession of a firearm.  He is charged in Count Two of the Indictment with possession with intent to distribute cocaine base, more commonly known as crack cocaine.  He is charged in Count Three of the Indictment with possession with intent to distribute cocaine.  He is charged in Count Four of the Indictment with possession with intent to distribute marijuana.  He is charged in Count Five of the Indictment with possession of a firearm in furtherance of a drug trafficking crime.  The Indictment is simply a description of the charges against the defendant; it is not evidence of anything. The defendant pleaded not guilty to the charges and denies committing the crimes.  He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the



government has proven his guilt beyond a reasonable doubt.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

## DEFINITION OF "KNOWINGLY"

The word "knowingly," as that term is used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

6

## PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Cory Hubbard, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crimes with which he is charged beyond a reasonable doubt.

Proof beyond a reasonable doubt is a phrase often used but difficult to define. It is proof that leaves you firmly convinced that the defendant is guilty. A reasonable doubt is not doubt in the mind of a juror who is looking for doubt or who is looking for a reason to acquit a defendant. It is doubt in the mind of a reasonable juror who is earnestly seeking the truth. As the words themselves imply, it is doubt based on reason and common sense.

Reasonable doubt is not doubt beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt. The United States is not required to prove the charges to an absolute or mathematical certainty since there are few things in this world that we can know with absolute certainty. Thus, the law does not require that the United States prove its case to the same degree of certainty that you all have when you add two plus two and get four. As I stated earlier, proof beyond a reasonable doubt is proof that leaves you, as reasonable persons, firmly convinced of a defendant's guilt.

This burden never shifts to the defendant. It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. The defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime,

you should vote to convict him.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition; Pattern Criminal Jury Instructions, §S21, Federal
Judicial Center (1982); United States v. DeVincent, 632 F.2d 147,
152-153 and n.7 (1st Cir.), cert. denied, 449 U.S. 986
(1980)(reasonable doubt); United States v. Gibson, 726 F.2d 869,
873-874 (1st Cir.), cert. denied, 466 U.S. 960 (1984); United
States v. Munson, 819 F.2d 337, 345-346 (1st Cir. 1987) United
States v. Olmstead, 832 F.2d 642, 644-646 (1st Cir. 1987), cert.
denied, 486 U.S. 1009 (1988); United States v. Jorge, 865 F.2d 6,
10-11 (1st Cir. 1989); United States v. Campbell, 874 F.2d 838,
841-843 (1st Cir. 1989).

### DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

Cory Hubbard has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that the defendant did not testify.  For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## **WHAT IS EVIDENCE; INFERENCES**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; and the exhibits that have been received into evidence.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents.  In other words, you are not limited solely to what you see and hear as the witnesses testify.  You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## **STIPULATIONS**

The evidence in this case includes facts to which the parties have agreed, or stipulated.  A stipulation means that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions: Criminal, § 2.01 (1998).

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible.  You must decide which witnesses to believe and which facts are true.  To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

14

**CAUTIONARY AND LIMITING INSTRUCTIONS**
**AS TO PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I have told you when that occurred, and instructed you on the purposes for which the item can and cannot be used.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

15

## WHAT IS NOT EVIDENCE

Certain things are not evidence.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence because the lawyers are not witnesses.  What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence.  You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

(5) The Indictment is not evidence.  This case, like most criminal cases, began with a charge, or an indictment.  In this case, there were subsequent charges which are contained in a Indictment.  You will have that Indictment before you in the course of your deliberations in the jury room.  That Indictment was returned by a grand jury, which heard only the government's

side of the case.  I caution you, as I have before, that the fact
that this defendant has been indicted is no evidence whatsoever
of his guilt.  The Indictment is simply an accusation.  It is the
means by which the allegations and charges of the government are
brought before this court.  The Indictment proves nothing.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**"ON OR ABOUT"**

The indictment charges that the offenses charged were committed "in or about" or "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that any offense was committed precisely on the date charged.

K. O'Malley, J. Grenig, W. Lee, Federal Jury Practice and Instructions §13.05 (5th ed. 2000).

## EVIDENCE OF DEFENDANT'S SIMILAR ACTS

You have heard evidence tending to show that Cory Hubbard was convicted of committing an act similar to some of those charged in this case.  You may not use this evidence to infer that, because of his character, the defendant carried out the acts charged in this case.

You may consider this evidence only for the limited purpose of deciding: whether he had the state of mind or intent necessary to commit the crime charged in the indictment; whether he had a motive or the opportunity to commit the acts charged in the indictment; or, whether he acted by accident or mistake.

Remember, this is the only purpose for which you may consider evidence of a similar act.  Even if you find that he may have committed a similar act, this is not to be considered as evidence of character to support an inference that he committed the acts charged in this case.

See First Circuit Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions (Criminal Cases) §2.05 (1998).

## **STATEMENTS OF DEFENDANT**

You have heard evidence that the defendant made certain statements.

It is for you to decide: (1) whether the defendant made the statement; and (2) if so, how much weight to give it.  In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions §2.10 (1998 Edition).

20

**EXPERT WITNESSES**

You have heard testimony from witnesses described as experts.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear on the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion, and all the other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions: Criminal, § 2.06 (1998).

## **FELON IN POSSESSION OF A FIREARM AND AMMUNITION**

The Indictment charges the defendant in Count One with violating Section 922(g)(1) of Title 18 of the United States Code. This is a criminal statute that provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition in or affecting commerce. Thus, in order to find a defendant guilty, you must be satisfied beyond a reasonable doubt of the following three elements:

1.    That, at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

2.    That the defendant knowingly possessed a firearm and/or ammunition; and

3.    That such possession was in or affecting commerce.

18 U.S.C. §922(g)(1); Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction No. 3-1 (1993); see First Circuit Pattern Jury Instructions (Criminal), §1.02 (West 1998); 1 Mod. fed. Jury Instructions, § 6.06, Instruction No. 6-17, p. 6-43; Devitt and Blackmar, Federal Jury Practice and Instructions, § 13.05 (3d ed. 1977); United States v. Ramos, 961 F.2d 1003 (1st Cir. 1992); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

## **PRIOR FELONY CONVICTION**

The first element of crime charged in the indictment, which the government must prove, is that the defendant, Cory Hubbard, was a felon at the time of his possession of a firearm and/or ammunition, that is, that he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.

18 U.S.C. §922(g)(1).

## POSSESSION -- ACTUAL AND CONSTRUCTIVE

The second element  the government must prove to you beyond a reasonable doubt is that the defendant knowingly possessed the firearm and/or ammunition charged in the Indictment.

The law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object, either directly or through others. For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them. The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct evidence or by circumstantial evidence.  Possession may be solely with one person or may be shared jointly by two or more persons. Possession may be actual or constructive.  It is not necessary to

24

prove that the defendant owned the firearm to prove possession. The element of possession is proved as to the defendant if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with one or more others, of the firearm and/or ammunition charged in the indictment.

United States v. Booth, 111 F.3d 1, 2 (1st Cir. 1997); United States v. Boykin, 986 F.2d 270, 274 (8th Cir.), cert. denied, 510 U.S. 888, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993); United States v. Wight, 968 F.2d 1393, 1397-98 (1st Cir. 1992); United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v. Lamare, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982), cert. denied, 459 U.S. 1148 (1983); United States v. Alverson, 666 F.2d 341, 345-46 (9th Cir. 1985); United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973); Devitt and Blackmar, Federal Jury Practice and Instructions, §§ 16.05, 36.12 (4th ed. 1990); and Sand, Modern Federal Jury Instructions, No. 35-54 (1989).

## DEFINITION OF FIREARM AND AMMUNITION

The possession to which I have referred must be of a "firearm" or "ammunition".  The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellant powder designed for use in any firearm.

18 U.S.C. §§921(a)(3) and 921 (17)(A).

## KNOWLEDGE

The government must also establish beyond a reasonable doubt that the defendant was in knowing possession of a firearm and/or ammunition. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm. To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing the firearm and/or ammunition referred to in the indictment. Again, the possession may be either actual or constructive.

United States v. Ramos, 961 F.2d 1003, 1005 (1st Cir. 1992); United States v. Lamare, 711 F.2d 3, 6 (1st Cir. 1983); United States v. Freed, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); United States v. Powell, 513 F.2d 1249, 1251 (9th Cir.) (per curiam), cert. denied, 423 U.S. 853 (1975); United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, §59.04 (3d ed. 1977 and 1990 cum. supp.).

**PROOF OF KNOWLEDGE**

Because it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, the jury may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm is possessed knowingly if it is possessed voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); Devitt and Blackmar, Federal Jury Practice and Instructions, § 17.07 (4th ed. 1990); Sand, Modern Federal Jury Instructions, No. 6-17 (1993).

28

## INTERSTATE COMMERCE

The third element that the government must prove beyond a reasonable doubt is that the defendant's knowing possession of the firearm and/or ammunition was in or affecting commerce.  The term "in or affecting commerce" simply means that the object must have had some minimal link to interstate commerce.  This element is satisfied if it is established that at some time during the life of the firearm or a particular round of ammunition it moved across a state line or international boundary.

It is not necessary for the government to prove that the defendant purchased the firearm or ammunition in some other state or country and personally carried it into Massachusetts.  Nor must the government prove who did purchase the firearm or ammunition or how they arrived in Massachusetts.  In addition, the government does not have to prove that the defendant knew that the firearm or ammunition had crossed state or national boundary lines.  All that is required is proof that the firearm and/or ammunition had traveled in interstate or foreign commerce by moving across a state or national boundary line at any time prior to the defendant's alleged possession of it.


Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977);
United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988);
United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975);
Devitt and Blackmar, Federal Jury Practice and Instructions,
§59.40 (3d ed. 1977 and 1990 cum. supp.); Sand, Modern Federal
Jury Instructions, No. 35-55 (1989).

29

## **INDICTMENT: CONJUNCTIVE AND DISJUNCTIVE**

The defendant is charged in Count One with possessing a firearm <u>and</u> ammunition. However, if the government has proven beyond a reasonable doubt that the defendant knowingly possessed either the firearm <u>or</u> any one of the items of ammunition charged in Count One, then the government has proven possession as required by the second element of Count One. In other words, the government need not prove that the defendant possessed the firearm and all of the ammunition described in Count One; any one will suffice to support a guilty verdict if all of the elements of the offense have been proven beyond a reasonable doubt.

### POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES

The Indictment charges the defendant in Counts Two, Three, and Four with possession of certain controlled substances with the intent to distribute them, in violation of Section 841(a)(1) of Title 21 of the United States Code.  It is against federal law to have marijuana, cocaine, or cocaine base, commonly known as crack cocaine, in your possession with the intention of distributing it to someone else.  For you to find the defendant guilty of this crime as charged in each of these counts you must find each of the following things beyond a reasonable doubt:

1.    That, on or about February 28, 2004, the defendant Cory Hubbard possessed a particular controlled substance, either actually or constructively;

2.    That he did so with a specific intent to distribute the controlled substance over which he had actual or constructive possession; and

3.    That he did so knowingly and intentionally.

First Circuit Pattern Jury Instructions: Criminal, § 4.22 (1998); see United States v. Latham, 874 F.2d 852, 863 (1st Cir. 1989).

31

## **ACTUAL DELIVERY NOT REQUIRED**

It is not necessary for you to find that the defendant actually delivered a particular controlled substance to someone else, or that he made any money out of such a transaction.  With respect to each of these three counts, it is enough for the government to prove, beyond a reasonable doubt, that the defendant had in his possession what he knew to be a controlled substance and that he intended to transfer it or some of it to someone else.

First Circuit Pattern Jury Instructions: Criminal, § 4.22 (1998).

## KNOWLEDGE AND INTENT

Intent and knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what the defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by the defendant and all other facts and circumstances received in evidence that may aid in your determination of the defendant's knowledge or intent. You may infer, but are not required to infer, that a person intends the natural and probable consequences or acts knowingly done or omitted. In the case of specific intent to distribute controlled substances, such intent may be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that the defendant possessed a quantity of a particular controlled substance that is greater than that which would be needed for personal use, then you may infer that the defendant intended to distribute the particular controlled substance. The law does not require you to draw such an inference, but you may draw it.

First Circuit Pattern Jury Instructions: Criminal, §§ 4.12, 4.22 (1998); United States v. Ocampo-Guarin, 968 F.2d 1406, 1410 (1st Cir. 1992).

**POSSESSION**

I previously have instructed you with respect to the meaning of the term "possession."  I instruct you that the term "possession" has the same meaning for purposes of the offense charged in these three counts as for the offense charged in Count One.  Here, as in the case of Count One, "possession" includes both actual and constructive possession, and includes both joint and sole possession.

**COCAINE BASE, COCAINE, AND MARIJUANA: CONTROLLED SUBSTANCES**

As a matter of law, I instruct you that cocaine base is a Schedule II controlled substance; that cocaine is a Schedule II controlled substance; and that marijuana is a Schedule I controlled substance. You must take these as facts.

21 U.S.C. §§ 802(6), 812.

## CONSIDER COUNTS SEPARATELY

You must consider each of the five counts of the Indictment separately.  With respect to Counts Two, Three, and Four, you must consider separately whether, with respect to Count Two, the defendant knowingly and intentionally possessed with intent to distribute more than five grams of cocaine base, or crack cocaine; whether, with respect to Count Three, the defendant knowingly and intentionally possessed with intent to distribute cocaine; and whether, with respect to Count Four, the defendant knowingly and intentionally possessed with intent to distribute marijuana.

## POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE--DRUG QUANTITY

Defendant Cory Hubbard is charged in Count Two of the indictment with knowingly and intentionally possessing with intent to distribute more than five grams of cocaine base, or crack cocaine.

For you to find the defendant guilty of this charge, you must find beyond a reasonable doubt:

1) that the defendant knowingly and intentionally possessed cocaine base with the intent to distribute it, based on the instructions I have just given you; and

2) that such possession with intent to distribute cocaine base involved more than five grams of a mixture or substance containing a detectable amount of cocaine base.

You need not determine the precise amount of drugs involved. To find the defendant guilty of this charge, you need only determine, beyond a reasonable doubt, that offense involved more than five grams of a mixture or substance containing a detectable amount of cocaine base.

Derman v. United States, 298 F.3d 34, 42 (1st Cir.), cert. denied, 71 USLW 3245 (2002); Edwards v. United States, 523 U.S. 511, 514 (1998); Apprendi v. New Jersey, 530 U.S. 466 (2000).

**POSSESSION OF FIREARM IN FURTHERANCE OF DRUG TRAFFICKING CRIME**

The defendant is charged in Count Five of the Indictment with possession of a firearm in furtherance of a drug trafficking crime, in violation of Section 924(c) of Title 18 of the United States Code.  It is a federal crime of possess a firearm in furtherance of a drug trafficking offense.  To find the defendant guilty of this crime, you must be satisfied that the government has proved beyond a reasonable doubt each of the following things:

1. That the defendant committed the crime of possession of a controlled substance with the intent to distribute it, as charged in either Count Two, Count Three, or Count Four; and

2. That the defendant knowingly and intentionally possessed a firearm -- specifically, the Glock semi-automatic pistol described in the indictment -- in furtherance of such drug trafficking offense.

See First Circuit Pattern Jury Instructions: Criminal, § 4.07 (1998).

## <u>DEFINITIONS</u>

The terms "firearm," "knowingly," "intentionally," and "possession" have the same meaning as I have described for you previously in these instructions.

## CONJUNCTIVE AND DISJUNCTIVE

With respect to the first of these elements, although Count Five alleges that the defendant possessed the firearm in furtherance of the drug trafficking crimes charged in Counts Two, Three, and Four, the government does not have to prove the defendant guilty of each of the offenses set forth in Counts Two, Three, and Four in order for you to find the defendant guilty of this offense. For purposes of this element of Count Five, it is sufficient for the government to prove beyond a reasonable doubt the defendant's guilt of any one of the three offenses charged in those three counts, that is, either that the defendant possessed more than five grams of cocaine base with the intent to distribute it, or that the defendant possessed cocaine with the intent to distribute it, or that the defendant possessed marijuana with the intent to distribute it.

## POSSESSION IN FURTHERANCE OF DRUG TRAFFICKING CRIME

With respect to the second element of this offense, the government must prove beyond a reasonable doubt that the defendant's possession of the Glock pistol was in furtherance of one of the specified drug trafficking crimes as just described. In order to prove the defendant guilty of this offense, the government must prove that at least one of the defendant's purposes in possessing the firearm was to possess it in furtherance of a drug trafficking crime.  The government does not, however, have to prove that this was the defendant's sole, or only, purpose in possessing the firearm.

See First Circuit Pattern Jury Instructions: Criminal, § 4.07 (1998).

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest

44

conviction as to the weight and effect of the evidence simply to

reach a verdict.

Pattern Jury Instructions: **First Circuit**, Criminal Cases
Committee on Pattern Criminal Jury Instructions - First Circuit
1998 Edition.

**RETURN OF VERDICT FORM**

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

**Read verdict form at this point.**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Pattern Jury Instructions: **First Circuit**, Criminal Cases Committee on Pattern Criminal Jury Instructions - First Circuit 1998 Edition.

47