UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 04-10235-MLW |
| **CORY HUBBARD** | ) ) | |

### TRIAL MEMORANDUM OF THE UNITED STATES

The United States submits this memorandum in the above-captioned case, which is scheduled for trial on March 13, 2005.

    I.    **SUMMARY OF GOVERNMENT'S CASE**

    A.    **Summary of Facts**

In this case, the indictment charges the defendant Cory Hubbard (the "defendant") with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); with three counts of possession with intent to distribute controlled substances (cocaine base, cocaine, and marijuana), in violation of 21 U.S.C. § 841(a)(1); and with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

The facts are relatively straightforward. On Saturday, February 28, 2004, detectives executed a search warrant at the defendant's apartment, located at 663 Kempton Street in New Bedford. Prior to doing so, they stopped a truck the defendant was operating in New Bedford; advised the defendant of his Miranda rights; and showed him the warrant. The defendant denied living at Kempton Street. The police recovered a police scanner and a set of keys from the pickup truck, and took the defendant with them to 663 Kempton Street, using keys they had recovered from the defendant both to gain entry to the building and to gain entry to the defendant's apartment.

In conducting their search, the detectives recovered one bag of suspected powder cocaine weighing approximately 21.54 grams, which tested positive for the presence of cocaine, three bags of suspected crack cocaine weighing approximately 8.99 grams, which tested positive for cocaine base, and two digital scales, all located in a small opening over a kitchen cabinet; nine bags of suspected powder cocaine weighing approximately 6.98 grams, which tested positive for the presence of cocaine, located under the sofa cushions in the living room; five bags of suspected crack cocaine weighing approximately 14.53 grams, which tested positive for the presence of cocaine base, located in the drop-ceiling tiles in the bathroom; 17 bags of suspected marijuana weighing approximately 1 pound, which tested positive for marijuana, located in a kitchen cabinet; a Glock, model 23, .40 caliber semi-automatic pistol, serial number BNM315US, loaded with eight rounds of ammunition, located in a sneaker box along the west wall in the bedroom; and $10,552 in U.S. currency, two police scanners, an apparent drug ledger, and a can of Acetone (a chemical used in processing cocaine), also located in the bedroom. Detectives also seized a quantity of paperwork, identification and bills with the defendant's name and the 663 Kempton Street apartment address. The defendant's Registry of Motor Vehicles identification card at the time showed him to be living at the Kempton Street address.

The police also observed during the search that, although the apartment contains three bedrooms, only one was set up as a bedroom, and there were no indications that anyone else lived there with the defendant.

The Glock and each of the rounds of ammunition was made outside Massachusetts. Prior to the date of the search, the defendant had been convicted of felony offenses, including possession of controlled substances with intent to distribute.

**B.      Elements of Offenses**

The elements of being a felon in possession of a firearm/ammunition, in violation of 18 U.S.C.§ 922(g)(1), are:

1. That, at the time of possession, the defendant was a felon, that is, that he was previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
2. That the defendant knowingly possessed a firearm and/or ammunition; and
3. That such possession was in or affecting commerce.

The elements of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), are:

1. That the defendant possessed a particular controlled substance, either actually or constructively;
2. That he did so with a specific intent to distribute the controlled substance over which he had actual or constructive possession; and
3. That he did so knowingly and intentionally.

The elements of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), are:

1. That the defendant a drug trafficking crime such as possession of a controlled substance with the intent to distribute it; and
2. That the defendant knowingly and intentionally possessed a firearm in furtherance of such drug trafficking offense.

## II. LEGAL AND EVIDENTIARY ISSUES

Absent stipulation, the government anticipates offering expert testimony regarding the drug analyses; regarding the test-firing of the Glock pistol; regarding the origin/place of manufacture of the firearm and ammunition; regarding the general lack of success in recovering identifiable prints from firearms and firearms-related items; and regarding the quantity and packaging of the controlled substances, together with such other factors as the presence of a firearm and ammunition, scales, acetone, and an apparent drug-sale ledger, as indicative of possession of controlled substances with intent to distribute rather than possession for personal use.

The government also intends to offer evidence of the defendant's prior convictions for possession of controlled substances with intent to distribute as probative of the defendant's intent and knowledge, as set forth in the government's motion in limine.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:   /s/Robert E. Richardson
      ROBERT E. RICHARDSON
      Assistant U.S. Attorney
      (617) 748-3247

February 22, 2006

**CERTIFICATE OF SERVICE**

  I hereby certify that, on February 22, 2006, I caused the foregoing to be served on Frank D. Camera, Esq., counsel for the defendant, by electronic filing.

                /s/Robert E. Richardson
                ROBERT E. RICHARDSON