UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.          )<br>)<br>**CORY HUBBARD** ) | CRIMINAL NO. 04-10235-MLW |

**GOVERNMENT'S MOTION IN LIMINE**

The government respectfully submits herewith its motion in limine, seeking a ruling from this Court that evidence tending to show that the defendant has engaged in other criminal conduct is admissible at the trial of this matter. Specifically, the government seeks to introduce evidence that, in 1998, the defendant was convicted in New Bedford District Court of certain drug offenses, including specifically possession of class A, B, and D controlled substances with intent to distribute.

**BACKGROUND**

The indictment charges the defendant Cory Hubbard (the "defendant") with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); with three counts of possession of controlled substances (cocaine base, cocaine, and marijuana) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and with possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c).

Briefly stated, the evidence shows that On Saturday, February 28, 2004, detectives executed a search warrant at the defendant's apartment, located at 663 Kempton Street in New

Bedford.  Prior to doing so, they stopped a truck the defendant was operating in New Bedford; advised the defendant of his Miranda rights; and showed him the warrant.  The defendant denied living at Kempton Street.  The police recovered a police scanner and a set of keys from the pickup truck, and took the defendant with them to 663 Kempton Street, using keys they had recovered from the defendant both to gain entry to the building and to gain entry to the defendant's apartment.

In conducting their search, the detectives recovered one bag of suspected powder cocaine weighing approximately 21.54 grams, which tested positive for the presence of cocaine, three bags of suspected crack cocaine weighing approximately 8.99 grams, which tested positive for cocaine base, and two digital scales, all located in a small opening over a kitchen cabinet; nine bags of suspected powder cocaine weighing approximately 6.98 grams, which tested positive for the presence of cocaine, located under the sofa cushions in the living room; five bags of suspected crack cocaine weighing approximately 14.53 grams, which tested positive for the presence of cocaine base, located in the drop-ceiling tiles in the bathroom; 17 bags of suspected marijuana weighing approximately 1 pound, which tested positive for marijuana, located in a kitchen cabinet; a Glock, model 23, .40 caliber semi-automatic pistol, serial number BNM315US, loaded with eight rounds of ammunition, located in a sneaker box along the west

wall in the bedroom; and $10,552 in U.S. currency, two police scanners, an apparent drug ledger, and a can of Acetone (a chemical used in processing cocaine), also located in the bedroom.  Detectives also seized a quantity of paperwork, identification and bills with the defendant's name and the 663 Kempton Street apartment address.  The defendant's Registry of Motor Vehicles identification card at the time showed him to be living at the Kempton Street address.

The police also observed during the search that, although the apartment contains three bedrooms, only one was set up as a bedroom, and there were no indications that anyone else lived there with the defendant.

The Glock and each of the rounds of ammunition was made outside Massachusetts.  Prior to the date of the search, the defendant had been convicted of felony offenses, including possession of controlled substances with intent to distribute.

## ARGUMENT

Rule 404(b) provides, in pertinent part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident..." Fed. R. Evid. 404(b).  The First Circuit has recognized that the rule

is to be interpreted broadly. *See* United States v. Fields, 871 F.2d 188, 196 (1st cir. 1989)("'the range of relevancy outside the ban is almost infinite; and further, . . . the purposes are not mutually exclusive for the particular line of proof may fall within several of them'"), quoting McCormick, Evidence § 190, at 448 (Cleary, ed. 1992).

The First Circuit recognizes a two-step process for determining the admissibility of evidence under Rule 404(b). *See, e.g.*, United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996). First, this Court must determine whether the evidence offered is probative of, i.e., has "special relevance" to, a material issue other than character. Id.; *see also* United States v. Williams, 985 F.2d 634, 637 (1st Cir. 1993)(trial court must first determine whether evidence has any "special relevance" to material issue). If the evidence does have special relevance, the Court must conduct an analysis under Fed. R. Evid. 403 to determine whether the probative value of the proffered evidence is "substantially outweighed by the danger of unfair prejudice." Huddleston v. United States, 485 U.S. 681, 687 (1988); *see* United States v. Ferrer-Cruz, 899 F.2d 135, 138 (1st Cir. 1990)("similar act" evidence survives Rule 404(b)'s absolute ban against "bad character" evidence where at least one permissible inference possible); United States v. Mazza, 792 F.2d 1210, 1222 (1st Cir. 1986)(where "prior act" evidence proves relevant to legitimate

4

issue, such evidence admissible subject only to balancing test of Rule 403).

This does not mean, of course, that evidence should be excluded under Rule 403 simply because it is prejudicial.  All evidence, if it is relevant, is in some sense "prejudicial"; Rule 403, however, is concerned only with "unfair prejudice," which is limited to evidence that carries a genuine risk "that the emotions of the jury will be excited to irrational behavior, and that the risk is disproportionate to the probative value of the evidence."  United States v. Fahey, 769 F.2d 829, 849 (1st Cir. 1985), *quoting* United States v. Zeuli, 725 F.2d 813, 817 (1st Cir. 1984)); *cf.* United States v. Guyon, 27 F.3d 723, 729 (1st Cir. 1984)("We agree that this evidence, like most evidence offered against a defendant, is prejudicial. . . . [T]he question is whether the probative value of the evidence was substantially outweighed by the danger of undue prejudice").

Here, the government seeks to introduce evidence that, prior to the discovery of cocaine, crack cocaine, and marijuana in his apartment on February 28, 2004, the defendant previously had been convicted in New Bedford District Court of the state equivalent of possession of various controlled substances (heroin, cocaine, and marijuana) with intent to distribute.  The First Circuit, recognizing the particular relevance of "other acts" evidence in cases such as this, routinely has upheld the admission in a drug

trafficking case of a defendant's prior involvement with narcotics. *See, e.g.,* United States v. Burgos, 254 F.3d 8, 15 (1st Cir. 2001)(". . . Burgos's history of trafficking in narcotics was probative of his knowledge and intent in arranging the transaction with [the cooperating witness]." [Citations omitted]); United States v. Candelaria-Silva, 162 F.3d 698, 740 (1st Cir. 1998)("[W]hen charges of drug trafficking are involved, this Court has often upheld the admission of evidence of prior narcotics involvement to prove knowledge and intent." [Citation omitted]); United States v. Spinosa, 982 F.2d 620, 628-29 (1st Cir. 1992)(evidence of defendant's past drug dealing probative of fact that defendant not merely an innocent driver who was involved in the transaction by accident); Ferrer-Cruz, 899 F.2d at 137-38 (evidence of defendant's two unrelated convictions for illegally possessing cocaine and marijuana in 1985 properly admitted on issues of knowledge and intent regarding charges of aiding and abetting possession of cocaine with intent to distribute in 1988).  Here, the relevance of the evidence is readily apparent, both as evidence of the defendant's knowledge of his possession of the drugs found in his apartment, and, perhaps more importatnly, as evidence of his intent to distribute those drugs.

Moreover, the evidence should not be excluded as unduly prejudicial under Rule 403.  Indeed, if the Court allows the

evidence to be introduced, the jury will simply be hearing evidence similar in kind to the evidence underlying the charged crimes, and not evidence even approaching that which would carry a genuine risk "that the emotions of the jury will be excited to irrational behavior, and that the risk is disproportionate to the probative value of the evidence."  Fahey, 769 F.2d at 849, *quoting* Zeuli, 725 F.2d at 817.  Given that the probative value of the evidence is extremely high and the risk of unfair prejudice is vanishingly small, this Court should rule the evidence admissible.  *Cf., e.g.,* Burgos, 254 F.3d at 15.

## CONCLUSION

For the foregoing reasons, this Court should rule that evidence of the defendant's prior drug convictions in New Bedford District Court in 1998 is admissible at the trial of this case.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /S/Robert E. Richardson
     ROBERT E. RICHARDSON
     Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 22, 2006 I caused a true copy of the foregoing to be served by electronic filing on Frank D. Camera, Esq., counsel of record for the defendant.

                /s/Robert E. Richardson
                ROBERT E. RICHARDSON