UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10235-MLW |
| ) | |
| **CORY HUBBARD** ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

The government respectfully submits herewith its opposition to the defendant's motion in limine, in which the defendant seeks a ruling precluding use of the defendant's prior drug convictions under Fed. R. Evid. 404(b). The defendant's motion essentially seeks the denial of the government's motion in limine, in which the government moved for admission of said convictions under Rule 404(b).

The government will not repeat here the arguments made in its previously-filed motion, which it incorporates by reference here in opposition to the defendant's motion. Rather, the government responds to three specific points made by the defendant.

First, the defendant maintains that, "[d]espite how the Government couches its argument – for example, that the introduction of these prior offenses are probative of the Defendant's knowledge and intent – such evidence would undoubtedly suggest that the Defendant was a person of bad character." Def. Mem. At 2. As the First Circuit has recognized, however:

> [M]ere propensity evidence is never
> admissible solely to show a character
> inclined towards unlawful behavior.  The same
> evidence may be admissible, however, even if
> it may be construed as propensity evidence,
> if it is used to show any of the other
> elements set out in the rule.

United States v. DeCicco, 370 F.3d 206, 210-11 (1st Cir. 2004)(citations omitted).  Here, as demonstrated in the government's motion, evidence of the defendant's prior drug convictions is admissible on the issues of knowledge and intent.  See also, e.g., United States v. Nickens, 955 F.2d 112, 124-25 (1st Cir. 1992).  A limiting instruction would suffice to apprise the jury of the proper purpose to which the evidence could be put.

Second, the defendant suggests that, because the convictions were sustained approximately six years before the offense at issue, they are too remote in time to be admissible.  But the First Circuit has observed that "there is no per se rule to determine when a prior bad act is 'too old' to be admissible."  United States v. Rodriguez, 215 F.3d 110, 120-21 (1st Cir. 2000).  In Rodriguez, the First Circuit affirmed the use of prior drug importation incidents occurring more than ten years before the importation offenses being tried, and cited like cases from other circuits.  See Rodriguez, 215 F.3d at 120 n.12, citing, e.g., United states v. Martinez, 182 F.3d 1107, 1112 (9th Cir. 1999)(ten-year-old conviction for drug importation admissible to

2

prove knowledge of drug importation); <u>United states v. Terry</u>, 702 F.2d 299, 316 (2d Cir. 1983)(twenty-year-old conviction admissible to prove intent and guilty knowledge).  The six-year period here falls well within this range.  The convictions are not so remote that they do not bear tellingly on the defendant's knowledge and intent.

Finally, the defendant is concerned that the evidence will complicate the trial and cause confusion.  But admission of the convictions would not take much trial time, and, as noted previously, limiting instructions would eliminate confusion and ensure that the jurors understood the proper use of the evidence.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court should deny the defendant's motion and should rule that evidence of the defendant's prior drug convictions in New Bedford District Court in 1998 is admissible at the trial of this case.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:   /S/Robert E. Richardson
>      ROBERT E. RICHARDSON
>      Assistant U.S. Attorney

3

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on February 22, 2006 I caused a true copy of the foregoing to be served by electronic filing on Frank D. Camera, Esq., counsel of record for the defendant.

                                         <u>/s/Robert E. Richardson</u>
                                         ROBERT E. RICHARDSON