UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )          CRIMINAL NO. 04-10235-MLW
                                  )
CORY HUBBARD                      )

GOVERNMENT'S SENTENCING MEMORANDUM

The government respectfully submits this Memorandum in
support of certain positions it anticipates taking at the
sentencing of this matter, currently scheduled for June 7, 2006.

FACTS RELEVANT TO CRIMES OF CONVICTION

On February 28, 2004, members of the New Bedford Police
Department ("NBPD") executed a search warrant at the defendant's
apartment, located on the third floor of 663 Kempton Street in
New Bedford, Massachusetts.  Presentence Report ("PSR") ¶ 9.
They located and seized one bag of suspected powder cocaine
weighing approximately 21.54 grams, which has since tested
positive for the presence of cocaine, three bags of suspected
crack cocaine weighing approximately 8.99 grams, which has since
tested positive for cocaine base, and two digital scales, all
located in a small opening over a kitchen cabinet; nine bags of
suspected powder cocaine weighing approximately 6.98 grams, which
has since tested positive for the presence of cocaine, located
under the sofa cushions in the living room; five bags of
suspected crack cocaine weighing approximately 14.53 grams, which
has since tested positive for the presence of cocaine base,

located in the drop-ceiling tiles in the bathroom; 17 bags of suspected marijuana weighing approximately 1 pound, which has since tested positive for marijuana, located in a kitchen cabinet; a Glock, model 23, .40 caliber semi-automatic pistol, serial number BNM315US, loaded with eight rounds of ammunition, located in a sneaker box along the west wall in the bedroom; and $10,552 in U.S. currency, two police scanners, an apparent drug ledger, and a can of Acetone, also located in the bedroom. Detectives also seized a quantity of paperwork, identification and bills bearing the defendant's name and the 663 Kempton Street apartment address.  PSR ¶¶ 10-11.

The quantity and packaging of the drugs, the quantity of cash, and the other materials present were all consistent with the possession of drugs for distribution as opposed to personal use.  PSR ¶ 12.

As reported in the PSR as offense behavior not part of relevant conduct, a second search warrant was executed at the defendant's apartment on April 2, 2004.  PSR ¶ 39.  Among other things, the police recovered 6.2 grams of suspected crack cocaine from inside a rear apartment staircase, in a location approximately five feet from the back door to the defendant's apartment.  Id.

## THE DEFENDANT'S CRIMINAL HISTORY

As reflected in the PSR, the defendant is a career offender

2

for purposes of U.S.S.G. §4B1.1.  PSR ¶¶36-38, 63.

Specifically, the defendant was convicted, among other things, of possession of heroin, cocaine, and marijuana with intent to distribute in connection with an offense that occurred on October 4, 1997 in New Bedford.  PSR ¶ 50.  The defendant also was convicted of possession of cocaine with intent to distribute and conspiracy to violate the controlled substances laws in connection with an offense that occurred on November 12, 1997 in New Bedford.  PSR ¶ 51.  Accordingly, because the defendant was at least 18 when he committed the instant offenses, because he has at least two prior convictions for controlled substance offenses, and because the defendant stands before this Court convicted of three controlled substance offenses -- possession of cocaine, cocaine base, and marijuana with intent to distribute[1] -- he is a career offender.  See U.S.S.G. §4B1.1.

However, although the parties believed the defendant to be an armed career criminal ("ACC") at the time they entered into the plea agreement in this case, it appears that the Probation Department is correct and that the documentation necessary to establish this status is lacking.  See PSR ¶ 120.  The defendant

---

[1]Controlled substance offense" is defined for these purposes as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.  U.S.S.G. §4b1.2(B).

3

definitely has two of the requisite career offender predicates:
the same two convictions that render the defendant a career
offender also qualify for ACC purposes.  See 18 U.S.C.
924(e)(2)(A)(defining "serious drug offense" for purposes of the
ACC statute).  The defendant also has a juvenile adjudication for
assault with a dangerous weapon, sustained in the Brockton
Juvenile Court on September 9, 1993.  PSR ¶47.  The parties
thought that this qualified as a third ACC predicate, given that
the defendant's criminal history printout indicates the weapon
was a gun and the relevant definition of an ACC predicate
includes "any act of juvenile delinquency involving the use or
carrying of a firearm . . . that would be punishable by
imprisonment for [a term exceeding one year] if committed by an
adult that . . . has as an element the use, attempted use, or
threatened us of physical force against the person of another . .
. ."  See 18 U.S.C. § 924(e)(2)(B)(i).  However, the Probation
Department has obtained from the Brockton Juvenile Court the only
documents that still exist with respect to this juvenile
adjudication, and the court records do not specify that the
weapon was a gun.  PSR ¶ 47.  Accordingly, judicial records that
comport with the Supreme Court's decision in Shepard v. United
States, 544 U.S. 13 (2005) are not available, and the defendant
thus is one (provable) conviction shy of being an ACC.

4

## GUIDELINES CALCULATIONS

The government agrees that the defendant should be accorded a three-level reduction under the guidelines for acceptance of responsibility.  U.S.S.G. §3E1.1.

The PSR has correctly calculated that, absent operation of the career offender provisions, the defendant's total offense level, after adjustment for acceptance of responsibility, would be 27, and his criminal history would be category VI.  See PSR ¶¶ 18-35, 40-62.  Because the career offender provisions produce a higher offense level in this case than the offense level otherwise applicable, the career offender provisions apply and result in a total offense level of 34 (since the defendant's conviction under Count Two carries a maximum term of imprisonment of 40 years), or 31 after acceptance of responsibility is factored in.  U.S.S.G. §4B1.1(b).  The defendant's criminal history is VI.  Id.  Accordingly, his guidelines sentencing range is 188 - 235 months.

## RECOMMENDATION

For the reasons that follow, the government urges the Court to impose a sentence of 200 months, which is within the guidelines sentencing range as set forth above.

Such a sentence is eminently reasonable based on a consideration of the statutory factors relevant to sentencing. 18 U.S.C. § 3553(a); United States v. Booker, 543 U.S. 220

(2005); <u>United States v. Jimenez-Beltre</u>,440 F.3d 514 (1st Cir. 2006).

First, the sentence is reasonable both in terms of the offense and the history and circumstances of the defendant.  The facts show that the defendant was in possession of three different controlled substances with intent to distribute: crack cocaine, powder cocaine, and marijuana.  Congress regards the crack cocaine charge in particular as sufficiently serious that it carries a five-year minimum mandatory term of imprisonment and a 40-year maximum term.

The defendant, for his part, has a long and storied criminal past, beginning with juvenile adjudications for breaking and entering when he was 12 (PSR ¶ 40) and continuing virtually unabated up to his arrest in this case (<u>see</u> last conviction at age 24 at PSR ¶ 58).  While not always for the most serious of offenses, the defendant's convictions do include the two that render him a career offender.

The defendant also has arrests that did not result in convictions but that nonetheless confirm the need to treat his conduct here seriously.  Most particularly, little more than a month after the search giving rise to the charges in this case, another warrant was executed at the defendant's apartment and over five more grams of suspected crack cocaine recovered from the staircase just outside the defendant's rear apartment door.

PSR ¶ 39.  In addition, less than four months before the search
in this case the defendant was found in Rhode Island wearing a
bullet-proof vest and riding in a car in which police found a
loaded .40 caliber handgun.  PSR ¶ 65.

In short, both the seriousness of the offense and the
characteristics of the defendant warrant a guidelines sentence
above the lowest end of the range.  See 18 U.S.C. § 3553(a)(1),
(a)(2)(A).

Similarly, such a sentence is necessary both to afford
adequate deterrence to criminal conduct and to protect the public
from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(B),
(C).  As Congress has recognized in promoting the career offender
provisions, a significant sentence is necessary to deter those
who, like the defendant, have been convicted at least twice
before of serious drug (or violent) offenses.  Such a sentence is
also necessary to protect the public from further crimes of the
defendant, given the willingness he has exhibited in the past to
engage in serious criminal activity over an extended period of
time.

Finally, such a sentence is appropriate to avoid unwarranted
sentencing disparities among Career Offender defendants who, like
the defendant, have been convicted of serious drug offenses.

7

## CONCLUSION

For the foregoing reasons, this Court should impose a term of incarceration of 200 months, together with five years of supervised release and the mandatory $400 special assessment.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


By:  /s/ Robert E. Richardson
     Robert E. Richardson
     Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 24, 2006.


/s/Robert E. Richardson
ROBERT E. RICHARDSON