**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 06-2080

UNITED STATES,
Appellee,

v.

CORY HUBBARD,
Defendant, Appellant.

Before

Torruella, Lipez and Howard,
<u>Circuit Judges</u>.

**JUDGMENT**

Entered: November 16, 2007

    Defendant-appellant Cory Hubbard was found in possession of dealer-quantities of narcotics, paraphernalia, and a gun. He was charged in the United States District Court for the District of Massachusetts with drug and gun offenses. Prior offenses qualified him as a career offender. U.S.S.G. § 4B1.1. After he entered a plea agreement that spared him a mandatory consecutive term of five years' imprisonment on one gun charge, he pled guilty, received a three-level decrease in his sentencing range under the United States Sentencing Guidelines for acceptance of responsibility, and was sentenced at the bottom of the applicable range to 188 months' imprisonment.

    On appeal, Hubbard complains that his plea agreement and his plea colloquy with the district court overstated the possible statutory penalties he faced. The government concedes this is true, because it neglected to make the filing under 21 U.S.C. § 851 under which the higher possible statutory drug penalties would have been applicable and because defendant was not subject to 18 U.S.C. § 924(e)(Armed Career Criminal Act). Hubbard argues that this misstatement made his plea 'involuntary' and 'unknowing', but the government attaches significance to the fact that he did not move to withdraw his plea even after receiving conspicuous notice of the overstatements from the presentence report, which accurately enumerated the possible statutory penalties. We conclude that the government has the better of the argument. There is ample basis to

infer that Hubbard would have had little to gain, and much to lose, by undoing the plea agreement even after learning that the possible statutory penalties had been overstated. We need not speculate on his subjective motives, however. It is enough that there is no showing of prejudice on the record as it stands. For the same reason, Hubbard's complaint that his counsel was ineffective is of no avail on this direct appeal.

Hubbard also complains that the government did not honor a commitment in the plea agreement to move for a three-level downward adjustment for his acceptance of responsibility. U.S.S.G. § 3E1.1. This adjustment was included in guideline sentencing calculations in all relevant instances, and Hubbard was given the benefit of the adjustment in the sentence actually imposed by the district court. Given the demonstrable lack of prejudice from any inattention to form by the government, this argument can avail Hubbard of nothing.

The judgment is **affirmed**.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
        Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_____
Deputy Clerk

Date:

[cc: Robert D. Dimler, Esq., Dina M. Chaitowitz, AUSA]