UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        :        CRIMINAL NO 10235-MLW

                                :

                                :

        vs.                     :

                                :

CORY HUBBARD                    :
_____ :


MOTION PURSUANT TO 18 USC 3582(c)(2) BASED
ON A SENTENCING RANGE THAT HAS SUBSEQUENTLY
BEEN LOWERED BY THE SENTENCING COMMISSION
PURSUANT TO 28 USC 994 (o)

NOW comes, Cory Hubbard, defendant, by way of 18 USC 3585(c)(2) requesting this court to determine whether, and to what extent a reduction in defendants term of imprisonment under the above noted title, section and relevant policy statement is warranted, and that it determine the "crack" amendment guideline range that would have been applicable to the defendant if the amendment to the guideline had been in effect at the time the defendant was sentenced.

-2-

## INTRODUCTION

A sentencing court's authority to re-open and, if appropriate, reduce a sentence under § 3582(c)(2) is triggered when the sentence was based on a sentencing range that has subsequently been lowered by the sentencing commission pursuant to it's power to review and revise..the guidelines, the crack amendment clearly fits within that description, effective March 3rd 2008, the sentencing commission lowered sentencing ranges for crack offenses by 2 offense levels because it found that the crack guideline over-punished crack offenders and created unwarranted disparity between them and other drug offenders. On December 11th 2007 the commission voted to make that amended guideline retroactive.

Nothing more is needed to trigger the courts authority to re-visit a sentence under section 3582(c)(2).

Because the mandatory guideline scheme is no longer an open choice, district courts are necessarily endowed with the discretion to depart from the guideline when issuing new sentences under section 3582(c)(2) see <u>Booker v. United States</u>, 543 U.S 220, 263 (2005)

The sentencing commission has made some heavy handed changes to section 1B1.10 intended to limit a courts ability to reduce sentences by more than two offense levels, begging the question of the extent to which the commission can limit a court's sentencing discretion under §3582(c)(2).

Taken together, revised sections 1B1.10 (b)(1) and (b)(2) state that the court "shall not" reduce the defendants term

-3-

of imprisonment to a term that is less than minimum of the recalculated guideline range, which can only be determined by substituting the amended guideline for the prior version and leaving all other guideline decisions the same as before. In other words if the defendant did not get a guideline departure before according to the commssion he can't get one now. For those who received a departure the first time around, the commission suggest that a "comparable" reduction to the amended guideline range may be appropriate, meaning that if the defendant recieved a sentence that was approximately 20% less than the bottom of the guideline range at the original sentencing he may be eligible for a 20% reduction from the bottom of the amended guideline range-a percentage based test like that expressly rejected by the Supreme Court in Gall v. United States, 128 S.ct 586,595-96 (2007) ahich provides "(we also reject the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justification required for a specific sentence....[because it] comes too close to creating an impermissible presumption of unreasonableness for sentences outside the guideline range...[and] suffers from infirmities of application...the formula is a classic example of attempting to measure an inventory of apples by counting oranges."

    The commission has made an additional revision to §1B1.10 that purports to render any sentence reduction "unathorizdd" under section 3582(c)(2) if an amendment listed in section 1B1.10(c) does not have the effect of lowering the defendants applicable

-4-

guideline range. For the same reasons discussed <u>Supra</u>, this policy statement should be treated as advisory. Therefore if you have a crack offender who was sentenced under section 4B1.1 career offender, it is clear that nothing in the statutory language requires that the guideline amendment actually have the effect of lowering a defendants guideline range before the sentencing court can revisit the sentence. Rather section 3582(c)(2) requires that the defendants sentence was based on a sentencing range that has subsequently been lowered. see <u>United States v. LaBonte</u>, 70 F.3d 1396, 1412 (1st Cir 1995) rejecting government arguments that section 3582(c)(2) resentencing is inappropriate where defendants original sentence falls within the amended guideline range because "we cannot be confident that, faced with a different range of options, the district court's choice will remain the same.

    Finally all crack sentences were based on the crack guidelines sentencing ranges because those ranges represented the starting point of every sentencing even if a defendant was ultimately sentenced under section 4B1.1 see <u>Gall</u> at 596 which provides

    "[a] district court should begin all sentencing proceedings by correctly calculating the applicable guideline range...the guideline should be the starting point and initial benchmark. They are not the only consideration, however..[t]he judge should then consider all of the section 3553(a) factors to determine whether they support the sentence requested by a party.

## DEFENDANT'S SENTENCING

On February 28th 2004 defendant Cory Hubbard was charged with, inter alia, violation of title 21 USC 841(A)(1) knowingly and intentionally possessing with intent to distribute more than five grams of cocaine base-cts 2 and ct 3 a suupplemental factual allegation provided that section 2D1.1(c)(6),(13) and (16) applied and that defendant was described as a career offender. (Exhibits 1,2,3)

Defendant subsequently pled guilty to the indictment, and it was determined by the United States Probation officer that defendant was a career offender and that the career offender provisions at United States Sentencing Guidelines § 4B1.1 directs that the offense level is 34 with 3 points for acceptance of responsibility resulting in a total offense level of 31.

On June 7th 2006 defendant appeared before this court for sentencing, who imposed a term of 188 months and prior thereto stated--that it had the legal authority to depart downward, and due to considerations, imposed said term. (electing not to impose a term at the top of the range.) (Exhibit-4)

## RELIEF REQUESTED

Defendant Cory Hubbard, respectfully request this court to make an independant assessment under 18 USC section 3553(a) and consider the unfairness of the 100-to-1 ratio between crack cocaine and powder cocaine thereto (i.e. career offender) and reduce his current sentence by the 2 levels recommended by the commission or reduce his sentence less than the minimum of the recalculated guideline range.

-6-

## GROUNDS FOR RELIEF

In an historic vote, the United States Sentencing Commission agreed to allow prisoners serving sentences for crack cocaine to seek sentence reductions which went into full effect on March 3rd 2008. The United States Sentencing Commission has repeatedly advised congress since 1995 that there is no rational, scientific basis for the 100-to-1 ratio between crack and powder cocaine sentences. Further, on December 10th 2007 the Supreme court of the United States ruled that judges can consider the unfairness of the 100-to-1 ratio between crack cocaine and power cocaine sentences and may impose a sentence below the crack guideline in cases where the guideline in cases where the guideline sentence is too sever. In <u>Kimbrough v United States</u>, ___U.S ___(2007) the Supreme court ruled 7-2 that the federal guideline on sentencing for cocaine violations are advisory only, rejecting a lower court ruling that they are effectively mandatory.

    Judges must consider the guideline range for cocaine violations, the court said, but may conclude that they are too harsh when considering the disparity between punishment for crack cocaine in powder form. The ruling validates the view of the United States Sentencing Commission that the 100-to-1 crack disparity may exaggerate the seriousness of the crack crime. The court further held that under <u>United States v Booker</u>, 543 U.S 220 the cocaine guidlelines, like all other guidelines are advisory only. A district judge must include the guideline range in the array of factors warranting consideration, but the judge may

-7-

determine that in the particular case a within guidelines sentence is greater than necessary to serve the objectives of section 3553(a). In making that determination the judge may consider the disparity between the guidelines treatment of crack and powder offenses.

A ruling in a second guidelines case <u>Gall v. United States</u>, ___ U.S. ___ (2007) the court also by a 7-2 vote cleared the way for judges to impose sentences below the specified range and still have such punishment regarded as "reasonable".

In <u>Rita v United States</u>, 127 S.ct 2465, 2468 (2007) The court stated, " A district court may conclude that the guideline sentence fails to reflect section 3553(a) considerations, reflects an unsound judgement, does not treat defendant characteristics in a proper way or that a different sentence is appropriate "regardless" id at 2463.

With the above Supreme court decisions clarifying any uncertainties it should be noted that treating amended sections 1B1.10 and 2D1.1 as mandatory violates section 3582(c)(2), the decisions in <u>Booker</u> and <u>Kimbrough</u>, and as noted <u>Supra</u>, a defendant who was sentenced under section 4B1.1 may still have his sentence revisited and reduced based on the amendment.

It should be clear that a court can correctly find the resulting guideline range for a base offense level of 31 (the 34 career offender level minus 3 points for acceptance of responsibility) and a mandatory criminal history category. The court can specifically acknowledge that defendant qualified for the section 4B1.1 career offender enhance and applied that enhancement. Having calculated the advisory guideline range, including, the career offender

enhancement, the court could have then, and now, sentence defendant Hubbard outside the applicable range, if the court finds that the sentence reasonable.

Determining whether a sentence is reasonable is not a new analysis for the courts. The appellate courts have reviewed sentences for reasonableness in the context of departures from guideline ranges before <u>Booker</u>, was decided see e.g <u>United States v Melvin</u>, 187 F.3d 1316, 1322-23 (11th Cir 1999) noting in determining whether the amount of the departure is reasonable in light of the factors in section 3553(a) and the reason given by the district court.

In applying these same principles here, defendant request this court to fully weigh the factors in section 3553(a) in consideration of making a determination weighing the section 3553(a) factors, defendant Hubbard points to the supplements to 2007 guidelines manual-application note 1(B)(iii) <u>Post Sentencing Conduct</u>-The court may consider post sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining (i) whether a reduction in the defendants term of imprisonment is warranted; and (ii) the extent of such reduction, but only within the limites described in subsection (b).

The post sentencing conduct that defendant Hubbard request this court to consider is:

1. He has acquired a G.E.D. which has expanded his academic and educational levels, enabling him to make other successful accomplishments.

-9-

2. he has participated in anger management/stress management classes, which has taught him to deal with levels of stress which he ordinarily would have not been able to cope with.

3. Parenting Classes-which has lent a well accepted level of family value which will undoubtedly benefit defenfant in his endeavour in interacting with his children and all other family members.

4. Spinning and yoga classes-which has promted defendant to be more concerned with his healht and nutrition.

5. Math Workshop-which constantly contributes to my growth and developement mathamatically.

(Copies of all noted certificated are annexed hereto maked *)

    Defendant Hubbard respectfully request the court to take notice of his post sentencing acheivements, and would respectfully request the benefit of the same .

    Finally, a Newsletter by Jonathan Saltzman, found at Boston.Com is attached for the courts perusal (Exhibit 5 and 6)


CONCLUSION

For all of the reasons set forth herein, defendant Hubbard request in the intrest of fundamental fairness, this court reduce his term of imprisonment within the meaning of the new amended guidelines also known as the "crack amendment'.


Dated 3-6 2008

Respectfully /s/ Hubbard

PROOF OF SERVICE

I Cory Hubbard, hereby certify that the within section 3582 (c)(2) Motion has been forwarded from USP Canaan, Waymart Pa 18472 on this __6__ day of __March__ 2008 via first class postage to:

Leah Foley
United States Attorney office
John Joseph Moakley Federal Courthouse
1 Courthouse Way, Suite 9200
Boston Massachusetts 02210

Certification in lieu of oath

I hereby certify that the above statements made by me are true and correct and I am aware of the penalty for false swearing

Dated __3-6__ 2008

_____
Cory Hubbard