```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA    )
                            )
     v.                     )    CRIM. NO. 04-10235-MLW
                            )
CORY HUBBARD                )
```

**JOINT MEMORANDUM OF GOVERNMENT AND DEFENDANT
REGARDING DEFENDANT'S ELIGIBILITY FOR SENTENCE MODIFICATION**

The United States, by United States Attorney Michael J. Sullivan and Assistant United States Attorney Robert E. Richardson, and the defendant Corey Hubbard, by defense counsel Syrie Fried, respectfully submit this memorandum to address the defendant's eligibility for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 2B1.10.

    **A.  Eligibility for Sentence Modification**

        **1.  Background**

On August 11, 2004, a grand jury sitting in Boston, Massachusetts returned a five-count indictment charging the defendant in Count One with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1); in Count Two with possession of more than five grams of cocaine base with the intent to distribute it, in violation of 21 U.S.C. §841(a)(1); in Count Three with

1

possession of cocaine with intent to distribute it, in violation of 21 U.S.C. §841(a)(1); in Count Four with possession of marijuana with intent to distribute it, in violation of 21 U.S.C. §841(a)(1); and in Count Five with possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. §924(c)(1)(A). On March 8, 2006, the defendant pled guilty before this Court to the first four counts of the indictment under a plea agreement whereby the government, inter alia, agreed to dismiss Count Five at the time of sentencing. On June 7, 2006, this Court sentenced the defendant to 188 months in prison; 48 months of supervised release; and a $400 special assessment.

The sentence of imprisonment was based on the guidelines calculation set forth in the Presentence Report ("PSR"). The PSR calculated the defendant's total offense level, without career offender treatment and applying a three-level reduction for acceptance of responsibility, to be 27. The PSR determined, however, that because the defendant was at least 18 when he committed the offenses at issue here, because three of the offenses (Counts Two through Four) are felonies that qualify as "controlled substance offenses," and because the defendant had two prior felony convictions for applicable "controlled substance offenses," the defendant was a career offender.

2

[PSR ¶ 36]. Based on an offense statutory maximum term of imprisonment of 40 years with respect to Count Two, the defendant's offense level as a career offender was calculated to be 34, or 31 with a three-point reduction for acceptance of responsibility. [PSR ¶¶ 37-38].

The PSR next determined that, with a total of 15 points, the defendant's criminal history placed him in Category VI. [PSR ¶¶ 40-62]. The defendant's status as a career offender also qualified him for treatment as a Criminal History Category VI. [PSR ¶ 63].

Finally, the PSR calculated that, based on a total offense level of 31 and a Criminal History Category VI, the defendant's guidelines sentencing range was 188 to 235 months. [PSR ¶ 119].

On March 11, 2008, the defendant, acting *pro se*, filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to crack cocaine offenses. This Court subsequently appointed the Office of the Federal Public Defender to represent the defendant.

**2. The Governing Law**

Section 3582(c)(2) of Title 18 of the United States Code provides:

> The court may not modify a term of imprisonment once it has been imposed except that ---
>
> . . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In §1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments that are to be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission revised §1B1.10. It provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

4

>    (A)   none of the amendments listed in subsection (c) is applicable to the defendant; or
>
>    (B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The relevant amendment is Amendment 706, which generally reduced by two levels the offense levels applicable to crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments in § 1B1.10(c) that are to be applied retroactively, effective March 3, 2008.

### 3. The Parties' Positions

The Government takes the position that the defendant is not eligible for a sentence reduction under §3582(c) because Amendment 706 does not have the effect of lowering his applicable guideline range because the defendant was sentenced as a career offender under USSG §4B1.2. The defendant takes the position that USSG §1B1.10 does not preclude this Court from reconsidering his sentence and granting the requested relief because the use of an outmoded drug quantity table in §2D1.1 figured into the process of calculating his original sentence, and because to the extent that a reduction of sentence might be

5

inconsistent with §1B1.10, the guideline does not have the force of a statute and is not mandatory.  The parties are therefore not in agreement as to the disposition of the defendant's motion.

    RESPECTFULLY submitted this 30th day of May, 2008.


| | |
|---|---|
| CORY HUBBARD | MICHAEL J. SULLIVAN |
| Defendant | United States Attorney |
| | |
| By: /s/ Syrie D. Fried | By:  /s/ Robert E. Richardson |
|   Syrie D. Fried |    Robert E. Richardson |
| Counsel for Cory Hubbard | Assistant U.S. Attorney |